**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

WESLEY N. BAILEY,

        Plaintiff,

vs.                                     Case No. 3:19-cv-461-J-34JBT

BELL-RICH TRANSPORTATION, LLC,
and G&P TRUCKING COMPANY, INC.,

        Defendants.

_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant G&P Trucking Company, Inc.'s, Motion to Dismiss Counts IV and V of Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law (Doc. 36; Second Motion to Dismiss) filed on December 29, 2019.  In the Second Motion to Dismiss, G&P Trucking Company, Inc. (G&P) seeks dismissal of Counts IV and V of Plaintiff Wesley N. Bailey's (Bailey) Second Amended Complaint (Doc. 35; Second Amended Complaint), which he filed on December 19, 2019. See generally Second Motion to Dismiss.  Bailey filed Plaintiff's Response in Opposition to Defendant G&P Trucking Company, Inc.'s Motion to Dismiss Counts IV and V of Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law (Doc. 29; Response) on January 31, 2020.  Accordingly, the matter is ripe for review.

I.      **Background**[1]

Bailey's claims arise from a motor vehicle collision involving a tractor-trailer and an automobile that occurred in Lawtey, Bradford County, Florida, on June 11, 2015.  Second Amended Complaint ¶¶ 11, 12.  Bailey was a passenger in the automobile at the time of the collision.  Id.  Defendant Bell-Rich Transportation, LLC (Bell-Rich) owned the tractor, which was driven by Terry A. Hall (Hall).  Id. at 6.  G&P owned the trailer.  Id. at 7, 8. According to Bailey, Defendants Bell-Rich and G&P "were contracted to deliver goods from South Carolina to Florida."  Id. ¶ 5.

To recover for personal injuries allegedly sustained as a result of the collision, Bailey initially filed suit against Bell-Rich and Hall on September 14, 2018, in Florida state court. See Notice of Removal, State Court Other Documents (Doc. 1-6; State Court Documents) at 1-4 (Original Complaint).[2]  After engaging in some discovery, on February 25, 2019, Bailey moved to file an amended complaint to add G&P as a defendant in the state court action.  See State Court Other Documents at 46-47 (Motion to Amend Original Complaint) ¶¶ 2-4.  On March 26, 2019, the state court granted Bailey's Motion to Amend Original Complaint.  See Notice of Removal, State Court Docket Sheet (Doc. 1-5) at 1; State Court Other Documents at 82.  In his state court Amended Complaint, Bailey alleged various Florida common law claims against Bell-Rich and G&P.  See generally Amended Complaint (Doc. 3; Amended Complaint).  With regard to G&P specifically, Bailey asserted

---

[1] In considering the motion to dismiss, the Court must accept all factual allegations in the Second Amended Complaint as true, view the allegations in the light most favorable to the Plaintiff, and accept all reasonable inferences that can be drawn from such allegations.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994).  As such, the facts recited here are drawn from the Second Amended Complaint, and may well differ from those that ultimately can be proved.

[2] The Court notes when G&P removed this case from Florida state court, it filed numerous state court documents together in one document.  For ease of reference, the Court will refer to specific page ranges of Doc. 1-6 by assigning a term to each relevant page ranges.

a claim of respondeat superior in Count III, claims of negligence and vicarious liability in Count IV, and claims of negligent selection, hiring, and training in Count V.  <u>See</u> Amended Complaint ¶¶ 19-30.

On April 22, 2019, G&P removed the case to this Court, invoking the Court's diversity jurisdiction.  <u>See</u> Notice of Removal (Doc. 1).[3]  Then, on April 29, 2019, G&P filed a motion seeking dismissal of Plaintiff's Amended Complaint.  <u>See generally</u> Defendant G&P Trucking's Motion to Dismiss and Incorporated Memorandum of Law (Doc. 6; First Motion to Dismiss).  In its First Motion to Dismiss, G&P presented two arguments under the Federal Rules of Civil Procedure (Rule(s)).  <u>See generally</u> <u>id.</u>  First, G&P argued that Bailey failed to state a claim for relief under Rule 12(b)(6), because the Federal Aviation Administration Authorization Act (FAAAA), 49 U.S.C. § 14501(c), preempted all of his claims.  <u>See</u> First Motion to Dismiss at 1, 2-6.  Second, G&P asserted that Counts IV and V of Bailey's Amended Complaint impermissibly violated Rule 10, and that Count V additionally violated Rule 8.  <u>See</u> <u>id.</u> at 6-8.  As to Rule 10, G&P noted that in Count IV, Bailey improperly commingled claims of direct negligence and vicarious liability, and as to Count V, G&P argued that Bailey impermissibly commingled distinct claims of negligent selection, hiring, and training.  <u>See</u> <u>id.</u> at 6-7.  Regarding Rule 8, G&P pointed out that Bailey failed to identify any actions taken by G&P which would support his claims of negligent selection, hiring, and training.  <u>See</u> <u>id.</u> at 8.

---

[3] After the Court's <u>sua</u> <u>sponte</u> inquiry into its subject matter jurisdiction, the Court determined that it has subject matter jurisdiction over the action.  <u>See</u> Notice (Doc. 23).  Because the case is before the Court based on diversity jurisdiction, the substantive law of the forum state, Florida, applies.  <u>See</u> <u>Horowitch v. Diamond Aircraft Indus., Inc.</u>, 645 F. 3d 1254, 1257 (11th Cir. 2011) (citing <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938)).

Bailey responded to G&P's First Motion to Dismiss on June 5, 2019.  <u>See</u> Plaintiff's Response in Opposition to Defendant G&P Trucking Company, Inc.'s Motion to Dismiss (Doc. 27; First Response).  In his First Response, in addition to arguing that the First Motion to Dismiss should be denied, Bailey stated

> If this Court believes that Counts IV and V are insufficiently plead under Federal Rule of Procedure 8 or 10, in the interest of judicial economy, the Plaintiff should be granted leave of Court to file a second amended complaint rather than a blanket dismiss [sic] of his Amended Complaint or any counts contained therein.

<u>See</u> First Response at 7.  In an Order entered October 29, 2019, the Court advised Bailey that the inclusion of a request for affirmative relief in a response rather than filing a motion requesting that relief was improper.  <u>See</u> Doc. 28 at 1.  Accordingly, the Court denied the First Response to the extent Bailey sought affirmative relief, and expressly directed Bailey to file an appropriate motion under the Rules if he believed that a second amended complaint would cure the alleged deficiencies identified by G&P.[4]  <u>See</u> <u>id.</u> at 2.  However, Bailey elected not to file a motion for leave to amend his Amended Complaint.

The Court set a hearing on G&P's First Motion to Dismiss for December 11, 2019.  <u>See</u> Notice of Hearing (Doc. 29).  Bailey's counsel who had drafted the Amended Complaint and who had responded to the First Motion to Dismiss did not attend the hearing and instead sent another attorney.  <u>See</u> Transcript of Motion Hearing held on December 11, 2019 (Doc. 49; Hearing Tr.) at 4:3-7, 11-22; <u>see also</u> Amended Complaint at 7.  Early in the proceeding, the attorney present at the hearing explained he had only recently begun working on the case.  <u>See</u> <u>id.</u> at 5:6-13.  In response, and anticipating that Bailey's primary counsel would ultimately be addressing the pleading deficiencies to be discussed in the

---

[4] Additionally, the Court advised Bailey such a motion must comply with Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida.

hearing, the Court suggested to Bailey's counsel who attended the hearing that he take "very, very, very careful notes, or that [he] order a transcript from the hearing." See id. at 5:25-6:3.[5]

The Court then engaged in a lengthy discussion regarding the substantial pleading deficiencies of the Amended Complaint. See generally Hearing Tr.  For example, the Court noted that Count III of the Amended Complaint was "nothing more than two legal conclusions unsupported by any well-pled allegations of fact and an allegation of damages," and as such failed to state any plausible claim. Id. at 11:15-18.  Indeed, the Court agreed with G&P's assessment that the Amended Complaint was a hodgepodge of conclusory allegations and labels with no factual support, such that G&P could not begin to frame a responsive pleading. Id. at 10:3-9.  Additionally, the Court determined that Count IV of the Amended Complaint was "even more problematic," because in addition to failing to include any factual allegations, see id. at 12:7-25, 13:1-2; 15:16-22, "Count IV commingle[d] a claim of direct negligence against [] G&P and a claim of vicarious liability in a single count, and those are two very different legal theories of relief that require different elements of proof," id. at 11:19-23.  The Court explained that in pleading the Amended Complaint in this manner, Bailey had "run[] afoul of the Eleventh Circuit's shotgun pleading case law," and accordingly referred counsel to the Eleventh Circuit Court of Appeal's discussion of shotgun pleadings in Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015).  Then, with regard to Count V, the Court noted that it suffered from the same deficiencies. See Hearing Tr. at 15:19-20.  "You also have the problem that you've got multiple different claims pled in there that require different elements

---

[5] As noted below, the Court later reiterated that Bailey's counsel attending the hearing would order a transcript to provide to his co-counsel who did not attend the hearing. See Hearing Tr. at 21:8-13.

of proof, but there still aren't any facts." Id. at 15:19-22.  All in all, the Court concluded that there were "no allegations of fact in this complaint that would support any claim against G&P." Id. at 16:9-21.

At this same hearing, the Court also briefly addressed the preemption defense raised by G&P.  First, the Court emphasized the importance of knowing the specific role G&P played with regard to the vehicle involved in the accident.  See id. at 14:22-25, 15:1-6, 23-25, 16:1-6.  Next, the Court explained that it could not conduct a proper preemption analysis because Bailey did not adequately state any claims in the Amended Complaint. Id. at 20:18-23.  In this regard, the Court had earlier explained:

> [p]reliminarily, although the Defendant leads with the preemption argument, we can't start with preemption.  The Eleventh Circuit in Mink v. Smith & Nephew, which is found at 860 F.3d 1319, page 1328 [11th Cir. 2017] instructs that: Because preemption is a principle derived from the supremacy clause, a court must first analyze whether each claim can stand under state law and only then decide the preemption question.  And so we first have to determine whether Mr. Bailey has adequately alleged viable claims under Florida law, and only then go to preemption.

Id. at 8:18-25, 9:1-2.

Based on the pleading deficiencies in the Amended Complaint and applicable Eleventh Circuit authority, the Court noted that it considered dismissing the Amended Complaint with prejudice because Bailey did not seek leave to amend the Amended Complaint—even after the Court expressly advised Bailey that if he wanted to amend his complaint he must file a proper motion seeking leave to do so.  See id. at 17:5-18 (citing Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002)); see also Doc. 28 at 1-2.  Nevertheless, the Court allowed Bailey to file a second amended complaint. In doing so, the Court directed Bailey to file a proper second amended complaint, one "that is not just legal conclusions." Id. at 17:25-18:1-6.  Further, the Court "caution[ed] counsel

that in filing any amended complaint, counsel must be conscious of their obligation under Rule 11 to make a good-faith investigation of the facts, and to only plead causes of action that are supported by allegations of fact that can be pled in good faith." Id. at 18:18-22. Finally, the Court reiterated the importance of Bailey filing a well-pled second amended complaint to enable the Court to undertake any necessary preemption analysis required by the causes of action he ultimately pled in the case. Id. at 20:18-23, 21:2-7. To preclude the potential for any confusion regarding Bailey's obligations in filing a second amended complaint, the Court noted that counsel present at the hearing would provide a transcript of the hearing to his co-counsel who had drafted the Amended Complaint and responded to the First Motion to Dismiss. Id. at 21:10-13.

Bailey filed his Second Amended Complaint on December 19, 2019. See generally Second Amended Complaint. In his Second Amended Complaint, Bailey asserts four claims, with Counts IV and V being directed at G&P.[6] See generally id. In Count IV, Bailey again seeks to assert state law claims of "Negligent Selection, Hiring, and Training" against G&P, and in Count V Bailey alleges that G&P is liable under Florida's "Dangerous Instrumentality" doctrine. See id. at 4, 6. G&P responded to the Second Amended Complaint by filing the instant motion under Rule 12(b)(6). See generally Second Motion to Dismiss. Bailey opposes the motion. See generally Response. Notably, Bailey did not seek to obtain a transcript before filing the Second Amended Complaint. Instead, the Court requested that one be prepared in April of 2020, after the filing of the Second Amended

---

[6] The Court notes that the Second Amended Complaint skips from "Count II" to "Count IV." See Second Amended Complaint at 4. Thus, the Second Amended Complaint contains only four counts, despite Bailey labelling the fourth count "Count V." See generally Second Amended Complaint.

Complaint and after the Second Motion to Dismiss was ripe and being considered by the Court.  See generally Hearing Tr.

## II.    Standard of Review

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true.   See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002).  In addition, all reasonable inferences should be drawn in favor of the plaintiff.  See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam).  Nonetheless, the plaintiff must still meet some minimal pleading requirements.  Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted).  Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted); see also BellSouth Telecomm., 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (citations and quotations

omitted).  Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth."  See <u>Iqbal</u>, 556 U.S. at 679.  Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 570).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 556 U.S. at 679.  Moreover, when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."  <u>Id.</u>

### III.    Discussion

In the Second Motion to Dismiss, G&P argues that the Second Amended Complaint should be dismissed because it is an improper shotgun pleading and because the pleading still fails to comply with Rules 8 and 10—despite the Court's admonition.  <u>See</u> Second Motion to Dismiss at 9-12.  Additionally, G&P contends that Bailey's negligence claim in Count IV fails to state any claim for relief because Bailey fails to plead the existence of any duty owed by G&P to Bailey, and maintains that even if Bailey did state a claim in Count IV, federal law would preempt the claim.  <u>See id.</u> at 12-22.  As to Count V, G&P asserts that Bailey fails to state a plausible claim under Florida's dangerous instrumentality doctrine, because a trailer, such as the one allegedly owned by G&P, is not a dangerous instrumentality as a matter of law.  <u>Id.</u> at 1-2, 6-7, 22 n. 3.

In his Response, Bailey fails to address, in any substantive way, G&P's contention regarding the shotgun nature of his pleading.  Indeed, Bailey does not address his failure

to comply with Rule 10 at all.  Instead, he simply contends that he has satisfied Rule 8(a). <u>See generally</u> Response.  In doing so, Bailey only specifically addresses the pleading of Count IV of the Second Amended Complaint. <u>Id.</u> at 4-5.  Notably, Bailey dedicates the majority of his discussion in the Response to the issue of preemption, <u>see id.</u> at 13-17, and never responds to G&P's assertion that Count V fails as a matter of law, <u>see generally</u> <u>id.</u>

While the parties focus much of their attention on the issue of preemption, in accordance with the Eleventh Circuit Court of Appeal's instruction in <u>Mink</u>, 860 F.3d at 1328, the Court must first determine whether Bailey has adequately alleged viable claims under Florida law, and only if he has will the Court consider G&P's preemption arguments. <u>See</u> <u>Mink</u>, 860 F.3d at 1328 ("Because preemption is a principle derived from the Supremacy Clause, U.S. Const. Art. VI, cl. 2, we must first analyze whether each claim can stand under state law, and only then decide the preemption questions where necessary."); <u>see</u> <u>also</u> <u>Godelia v. Doe</u>, 881 F.3d 1309, 1317 (11th Cir. 2018) ("[W]e will first examine each claim under Florida law and only if it is viable under state law, will we then consider whether it is expressly or impliedly preempted.").  Because, for the reasons discussed below, Bailey's claims against G&P are due to be dismissed, the Court will not address the question of preemption.

### a.  Count IV

G&P correctly argues that despite the Court's admonition at the December 11, 2019 hearing, Count IV of Bailey's Second Amended Complaint again runs afoul of the Eleventh Circuit's shotgun pleading precedent.  In <u>Weiland</u>, 792 F.3d 1313, the Eleventh Circuit identified four types of "shotgun" pleadings. <u>See</u> <u>id.</u> at 1321-23.[7]  In doing so, the court

---

[7] "Shotgun pleadings include complaints that: (1) 'contain multiple counts where each count adopts the allegations of all preceding counts'; (2) do not re-allege all the proceeding counts but are 'replete with

noted that "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323 (citations omitted).   Consistent with the admonitions of the Eleventh Circuit Court of Appeals, courts in this "Circuit have little tolerance for shotgun pleadings." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979-80 & n.54 (11th Cir. 2008) (collecting numerous cases), abrogated on other grounds by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007)).

Here, Count IV falls into two of the four categories criticized by the court in Weiland. First, in Count IV Bailey "adopts the allegations of all preceding counts," including those that are wholly irrelevant to the causes of action asserted in Count IV.  See Weiland, 792 F.3d at 1321.[8]  Indeed, by reincorporating all preceding paragraphs, including all of Counts I and II, Bailey improperly commingles and reasserts the unrelated dangerous instrumentality and respondeat superior claims brought against G&P's Co-Defendant, Bell-Rich.  See Second Amended Complaint ¶¶ 1-22.  Second, in Count IV Bailey again "commits the sin of not separating into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1322-23 n.13 (collecting cases).

conclusory, vague, and immaterial facts not obviously connected to any particular cause of action'; (3) do not separate each cause of action or claim for relief into separate counts; or (4) in a multi-defendant action, contain counts that present a claim for relief without specifying which defendants the claim is brought against." Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020) (citing Weiland, 792 F.3d at 1321–23).
[8] The Court notes that Bailey's Second Amended Complaint differs from the archetypal shotgun pleading because only Count IV reincorporates all preceding allegations, rather than "each [count] incorporating by reference all the (usually irrelevant) allegations of previous counts."  See Daewoo Motor Am., Inc. v. Gen. Motors Corp., 459 F.3d 1249, 1264 n.7 (11th Cir. 2006) (Tjoflat, J., specially concurring).  But this distinction is immaterial, as  Count IV itself violates the prohibition against shotgun pleadings.

With regard to this latter form of improper pleading, the Court finds that it is unable to discern what cause of action Bailey seeks to assert against G&P in Count IV, given that he alleges negligent selection, negligent hiring, and negligent training, which are three discrete causes of action under Florida law.  Under Florida law, the basis for a claim of negligent selection of an independent contractor is found in the Restatement (Second) of Torts § 411.  See Hansen v. Uber Technologies, Inc., No. 6:17-cv-1559-Orl-40-GJK, 2018 WL 7361110, at *3 (M.D. Fla. Feb. 26, 2018) (quoting Suarez v. Gonzalez, 820 So. 2d 342, 345 (Fla. 4th DCA 2002)).  To state such a claim, a plaintiff must generally plead: "(1) the contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury."  See Hansen, 2018 WL 7361110, at *2 (quoting Davies v. Commercial Metals Co., 46 So. 3d 71, 73 (Fla. 5th DCA 2010)).  Separately, under Florida law a prima facie claim of negligent hiring requires plaintiff to show "(1) the employer was required to make an appropriate investigation of the employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known."  Int'l Security Mgmt. Grp., Inc. v. Rolland, 271 So. 3d 33, 49 (Fla. 3d DCA 2018) (quoting Malicki v. Doe, 814 So. 2d 347, 362 n. 15 (Fla. 2002)).  Finally, to establish negligent training under Florida law "the conventional elements of duty, breach, causation, and damages must be shown. . ." Holder v. Anderson, No. 3:16-cv-1307-J-39JBT, 2017 WL 10402575 (M.D. Fla.) (Report and Recommendation adopted by Holder v. Anderson, 2017 WL 10402574 (M.D. Fla. July

3, 2017)) (quoting Wynn v. Lakeland, 727 F. Supp. 2d 1309, 1316 (M.D. Fla. 2010) (applying Florida law)).   These are three separate claims, each with its own necessary elements of proof.   Therefore, in Count IV, Bailey has commingled at least three causes of action against G&P, and by reincorporation of all preceding paragraphs, he has also included at least two causes of action against Bell-Rich, all in violation of Rule 10(b) and the Eleventh Circuit's shotgun pleading precedent.   See Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. College, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading") (internal footnote omitted).   Bailey's commingling of claims and reincorporation of irrelevant allegations results in a pleading that fails to put G&P on notice as to the causes of action asserted against it and does not enable G&P to frame a responsive pleading.   Bailey repeats these pleading deficiencies despite the fact that G&P identified these pleading deficiencies in its First Motion to Dismiss, despite the fact that the Court discussed these pleading deficiencies at some length at the December 11, 2019 hearing, despite the Court's specific reference to the Weiland decision, and despite the Court's admonition that counsel obtain and review a transcript of the December 11, 2019 hearing before filing the Second Amended Complaint.   See generally Hearing Tr.

Further, Bailey's shotgun pleading prevents the Court from undertaking the relevant preemption analysis under the FAAAA.   As the Court explained at the December 11, 2019 hearing, whether the FAAAA preempts a plaintiff's claims depends in large part on the specific cause(s) of action asserted by the plaintiff, and the specific role the defendant

played in a shipping transaction.   In enacting the FAAAA Congress completed the

"deregulation [of] the trucking industry" by "expressly preempting state trucking regulation.

. .upon finding that state governance of intrastate transportation of property had become

unreasonably burdensome to free trade, interstate commerce, and American consumers."

Dan's City Used Cars, Inc. v. Pelkey, 569 U.S. 251, 256 (2013) (citations omitted).   The

FAAAA's preemption provision is codified at 49 U.S.C. § 14501(c)(1), which states in

relevant part:

> a State. . .may not enact or enforce a law, regulation, or other provision
> having the force and effect of law related to a price, route, or service of any
> motor carrier. . .or any motor private carrier, broker, or freight forwarder with
> the respect to the transportation of property.

49 U.S.C. § 14501(c)(1) (emphasis added).   However, the FAAAA specifically "exempts

certain measures from its preemptive scope, including state laws regulating motor vehicle

safety, size, and weight; motor carrier insurance; and the intrastate transportation of

household goods."   Dan's City, 569 U.S. at 256 (citing § 14501(c)(2)(A)-(B)).   To determine

whether the FAAAA preempts a plaintiff's claims, courts look to the allegations in the

plaintiff's complaint, especially the specific causes of action asserted and the role alleged

to have been played by the defendant in the shipping transaction in question.[9]   Accordingly,

---

[9] See, e.g., Volkova v. C.H. Robinson Company, No. 16 C 1883, 2018 WL 741441, at *2-4 (N.D. Ill. Feb. 7, 2018) ("[T]he Court must examine the underlying facts of each case to determine whether the particular claims at issue relate to [broker] rates, routes or services. . .A straightforward reading of Plaintiff's allegations demonstrates that the negligent hiring claims relate to the core service provided by [the broker].") (internal citations omitted); Loyd v. Salazar, 416 F.Supp. 3d 1290, 1297-98 (W.D. Okla. 2019) (holding Plaintiff's negligent hiring claims preempted by §14501(c) because "Plaintiff's allegations directly relate to the services AGS provided as broker in the transportation of property."); Miller v. C.H. Robinson Worldwide, Inc., No. 3:17-cv-408-MMD-WGC, 2018 WL 5981840, at *1, 4 (D. Nev. Nov. 14, 2018) appeal docketed, No. 19-15981 (9th Cir. May 7, 2019) (finding that § 14501(c) preempted general negligence claim against broker because plaintiff alleged it was broker's "duty to select a competent contractor to transport"); Krauss v. Iris USA, Inc., No. 17-778, 2018 WL 2063839, at *1-2, 5 (E.D. Penn. May 5, 2018) ("[T]he negligent hiring claim. . .is that [Plaintiff's] injuries directly flowed from [the broker's] failure to vet freight carrier KV Load. The claim therefore relates to the core service provided by [the broker]. . .and will therefore have a significant economic impact on the broker's services. . .therefore the Court concludes it is preempted.") (internal citations omitted).

to determine whether the FAAAA preempts Bailey's claims, the Court must know what causes of action Bailey means to assert against G&P, and what role Bailey alleges G&P played in the shipping transaction.  However, by improperly commingling distinct claims and failing to identify the role that G&P played in the shipping transaction—thereby ignoring the Court's admonitions—Bailey renders the relevant preemption analysis impossible.

Because Count IV of Bailey's Second Amended Complaint violates the Rules and the Eleventh Circuit's shotgun pleading precedent, G&P seeks dismissal of this claim with prejudice.  See Second Motion to Dismiss at 5.  Generally, "a district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds."  Vibe Micro, 878 F.3d at 1295 (quoting Weiland, 792 F.3d at 1320).  Dismissal of a complaint with prejudice is proper in certain circumstances.  See id. at 1295-96; see also Jackson v. Bank of America, N.A., 898 F.3d 1348 (11th Cir. 2018) (noting that "dismissal of a complaint with prejudice is warranted under certain circumstances").  The Eleventh Circuit Court of Appeals has explained, "[w]hen a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun grounds."  Id. at 1296.  In directing a repleading the Court "should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings."  Id.  In other words, when a district court dismisses a shotgun complaint on non-merits grounds for noncompliance with the Rules, the court "must give the plaintiff 'one chance to remedy such deficiencies.'"  Jackson, 898 F.3d at 1358 (quoting Vibe Micro, 878 F.3d at 1295).[10]

---

[10] The Court notes that such an opportunity may come in different forms.  Indeed, "[w]hat matters is function, not form: the key is whether the plaintiff had fair notice of the defects and a meaningful chance to fix them."

Once the district court has done so, however, the court may dismiss the complaint with prejudice if "the party has still neither filed a compliant pleading nor asked for leave to amend." Vibe Micro, 878 F.3d at 1296 (explaining the holding and effect of Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002), citing Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1280 n.7 (11th Cir. 2006)).

Here, Bailey had ample opportunity to remedy the deficiencies in his Amended Complaint, but utterly failed to do so. Bailey's first notice of the shortcomings in his pleading came when G&P filed its First Motion to Dismiss, which, in large part, correctly identified the shotgun pleading issues inherent in Bailey's Amended Complaint. Rather than attempt to correct the deficiencies, Bailey defended his pleading but alternatively requested to amend in his First Response. After the Court instructed him that seeking leave to amend in this manner was improper and advised him how to properly seek leave to amend, Bailey elected not to file a proper motion for leave to file a second amended complaint. Next, the Court sua sponte afforded Bailey a chance to replead after the December 11, 2019 hearing, where the Court discussed at length the shortcomings of the Amended Complaint. In doing so, in accordance with the Eleventh Circuit's shotgun pleading precedent, the Court ordered Bailey to replead his case. Unfortunately, in his Second Amended Complaint Bailey did not eliminate the failings of his Amended Complaint. Despite this, when G&P moved to dismiss Bailey's Second Amended Complaint, Bailey again chose not to seek leave to amend; instead maintaining that his Second Amended Complaint complies with the Federal Rules of Civil Procedure. It does not.

---

Jackson, 898 F.3d at 1358 (explaining that a plaintiff's chance to amend a complaint may come in the form of a motion for a more definite statement under Rule 12(e)).

Bailey's arguments notwithstanding, his Second Amended Complaint is deficient under both the Federal Rules of Civil Procedure and Eleventh Circuit shotgun pleading precedent.   Therefore, having given Bailey ample opportunity to remedy the deficiencies in his Second Amended Complaint, the Court determines that Count IV is due to be dismissed with prejudice.  <u>Vibe Micro</u>, 878 F.3d at 1296; <u>Wagner</u>, 314 F.3d at 542.

### b.  Count V

Turning to Count V of the Second Amended Complaint, G&P contends Bailey fails to state a claim for relief under Florida's dangerous instrumentality doctrine "because [Count V] is entirely premised upon G&P's ownership of a trailer," and it is well-established under Florida law that trailers themselves are not dangerous instrumentalities. <u>See</u> Second Motion to Dismiss at 1-2, 6-7.   G&P cites several Florida cases in support of this proposition.  <u>See id.</u>  Perhaps recognizing the futility of any counter-argument, Bailey does not respond to G&P's argument regarding Count V at all.  <u>See generally</u> Response.  The Court's review of relevant authority readily confirms that under Florida law, a claim of liability based on the dangerous instrumentality doctrine cannot be premised solely on a principal's ownership of the trailer portion of a tractor-trailer.  <u>See, e.g.</u>, <u>Saullo v. Douglas</u>, 957 So. 2d 80, 87 (Fla. 5th DCA 2007) ("It is well-established in Florida. . .that the trailer portion of the tractor-trailer rig is not a dangerous instrumentality.") (citations omitted). Here, Bailey's dangerous instrumentality claim is premised entirely on the allegation that "G&P[] allowed Defendant, Bell-Rich, and its drivers to use <u>a trailer owned by G&P</u> and bearing VIN 1JJV532W15L960466."   Second Amended Complaint ¶ 29 (emphasis added).[11]   Although in subsequent paragraphs Bailey uses the term "tractor-trailer," he

---

[11] Throughout the remainder of the Second Amended Complaint, Bailey only alleges that G&P owned the trailer portion of the "tractor-trailer."  <u>See</u> Second Amended Complaint ¶¶ 7, 15.

affirmatively alleges that Bell-Rich owned the tractor portion of the tractor-trailer, not G&P. See id. ¶ 6 ("Bell-Rich[] owned a tractor cab bearing VIN 1FUJAPAV87DW77491. . .").[12] Therefore, the claim in Count V fails as a matter of Florida law and is due to be dismissed.

The Court will dismiss Counts IV and V of Bailey's Second Amended Complaint with prejudice, as all claims against G&P are dismissed, and finding no just reason for delay, the Court will direct the Clerk of the Court to enter judgment in favor of G&P. See Rule 54(b). Accordingly, it is hereby

**ORDERED:**

1.      G&P Trucking Company, Inc.'s Motion to Dismiss Counts IV and V of Plaintiffs Second Amended Complaint and Incorporated Memorandum of Law (Doc. 36) is **GRANTED**.

2.      Counts IV and V of Bailey's Second Amended Complaint (Doc. 35) are **DISMISSED WITH PREJUDICE**.

3.      Pursuant to Rule 54(b), the Clerk of the Court is directed to enter judgment against Plaintiff, Wesley N. Bailey, and in favor of Defendant, G&P Trucking Company, Inc. The Clerk is further directed to terminate G&P Trucking Company, Inc. from the docket.

**DONE AND ORDERED** in Jacksonville, Florida, this 23rd day of June, 2020.

**MARCIA MORALES HOWARD**
United States District Judge

---

[12] Comparison of Count I with Count V further reveals that Bailey's claim in Count V is deficient as a matter of Florida law. In Count I, Bailey seeks to present a dangerous instrumentality claim against Bell-Rich premised on Bell-Rich's ownership of the "tractor cab," whereas in Count V he relies on G&P's ownership of the "trailer." Compare Second Amended Complaint ¶ 17, with ¶ 29.

lc27

Copies to:

Counsel of Record